MARVIN, Judge.
From a judgment in favor of a Kansas bank against a former Kansas resident, Goines, ordering a foreclosure of a Kansas lien on a Ford automobile that Goines had sold to a Shreveport used car dealer, the dealer appeals.
The Ford was originally titled in Kansas to Slothower, a Kansas resident, on June 17, 1981. About a year later, Slothower sold the Ford and assigned, on the reverse of his title, that title to a Wichita Mercury dealer. That dealer sold the Ford the next day to Goines, and assigned the Slothower title to him. That title on the reverse side shows the cancellation of a lien from Slo-thower to Ford Motor Credit Corporation and the entry of a new lien from Goines to Union National Bank, the plaintiff in this action.
Armed with the Slothower title and with a notarial release of the Union Bank lien that is noted on the reverse of that title, Goines drove the Ford to Shreveport where, on October 12, 1982, he sold the Ford to the Shreveport dealer for some cash and another automobile. The Shreveport dealer sold the car to a Lufkin, Texas, *1335 dealer. On November 9, 1982, the Ford was sold to a Texas resident who obtained a Texas title on the Ford in her name. The Union Bank learned of the whereabouts of the Ford in January 1988 and revealed to all concerned that the notarial release of the bank’s lien, upon which the Shreveport dealer and subsequent purchasers relied, was a forgery. The Ford, then by reverse route, was delivered back to the Shreveport dealer where it was sequestered by the bank on February 22, 1983. After the Ford was seized, the Shreveport dealer intervened in the action.
The Texas title was “suspended” by Texas authorities and this contest is solely between the Kansas bank and the Shreveport dealer. The defendant Goines’ whereabouts are unknown. After the Ford was sequestered but before trial, the bank obtained from the Kansas authorities a “Repo” (repossession) title in its name. The only certificates of title issued on the Ford were first the Kansas title to Slothower, secondly the Texas title which was later suspended, and thirdly the Kansas repossession title to the bank.
The Shreveport dealer purchased the Ford and relied upon the Slothower title that was assigned to Goines and upon the notarial, but forged, release of the bank’s lien that was noted on the reverse of the Slothower title. The trial court observed, and correctly so in our opinion, that at no point during the transaction did the Shreveport dealer rely upon the actual registry of title to Goines, or the absence of the registry of the bank' lien, in the State of Kansas. The dealer argued there and argues here that the lien was not validly recorded in the State of Kansas and is therefore ineffective here. It has been said that Louisiana will not recognize a foreign security interest unless it is valid and properly recorded in the state where executed. General Motors Acceptance Corporation v. Nuss, 195 La. 209, 196 So. 323 (1940); Figuero v. Figuero, 303 So.2d 801 (La.App. 3d Cir.1974); Scott Truck and Tractor Company v. Daniels, 401 So.2d 590 (La.App. 3d Cir.1981).
In the abstract, the principle of law above recognized is not incorrect, but was correctly found inapplicable here, and the dealer’s argument must fail.
The bank’s action against Goines is founded upon the Goines chattel mortgage on the Ford and upon the Slothower certificate of title which shows notation of that mortgage. The dealer’s claim to the Ford or to the proceeds from its sale depends solely upon the assignment of the Slothower title to Goines and not upon a certificate of title from the State of Kansas to Goines. Neither Goines nor the dealer had a certificate of title in his or its name. The only title other than the Slothower title at issue here is the repossession title which is in the name of the bank.
The dealer can have no greater rights than Goines had when he assigned the Slo-thower title to the dealer. If the contest is determined on the Slothower title, the bank’s lien is noted on that title. The validity of the bank’s chattel mortgage on the Ford was proved. The existence of the debt secured by that mortgage was proved. The forged release does not avail the dealer. The absence of a validly recorded lien would perhaps have availed the dealer had it shown that it had a certificate of title either in Goines’ name or in its name on which the bank’s lien was not noted. If this contest is determined on the repossession title, the only other title at issue here, that certificate of title shows the bank as owner of the car. In that situation, it would be incumbent upon the Shreveport dealer to show a superior certificate of title.
If this contest must be decided on whether the bank’s lien was “perfected” in Kansas, the Shreveport dealer must also fail. A lien may be perfected in Kansas by the actual recordation or by the mailing to the recording office of a Notice of Security Interest (NOSI) signed by the owner and the creditor. See 28 Kan.Law Rev. 315 (1980). While the papers certified by the Kansas recording office and introduced into these proceedings do not contain a certified copy of the NOSI, the witness for *1336 the bank introduced the bank’s copy of the NOSI. That witness testified that NOSI's are routinely mailed by the bank to the recording office and that the bank would not have been able to obtain the repossession title in its name without the NOSI having been received by the recording office. We are not otherwise enlightened as to Kansas law.
We find that the bank made out a prima facie case that its lien was perfected in Kansas, although perhaps not by the best evidence. The dealer does not contend that the trial court erred in ruling on the admissibility of the bank’s evidence, but attacks the quality of that evidence. The testimony from the bank officer that the bank could not obtain a repo title in Kansas without proof of the NOSI being on file was elicited on cross-examination. Considering the totality of the evidence, the bank has shown that it had a lien on, or title to, the Ford, and the dealer has introduced nothing superior to that showing.
For the reasons assigned by the trial court and here summarized and supplemented, and at appellant’s cost, the judgment is AFFIRMED.
CULPEPPER, J., dissents and assigns written reasons.